Arnold B. Calmann
Katherine A. Escanlar
**SAIBER LLC**
One Gateway Center, 9th Floor
Newark, NJ 07102-5308
T: (973) 622-3333
abc@saiber.com
kescanlar@saiber.com

Kevin M. Bell
Scott A.M. Chambers, Ph.D.
Matthew D. Zapadka
Richard J. Oparil
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave NW, Suite 1000
Washington, D.C. 20006
(202) 677-4930
kevin.bell@AGG.com
scott.chambers@AGG.com
matthew.zapadka@AGG.com
richard.oparil@AGG.com

Erin N. Winn
**ARNALL GOLDEN GREGORY LLP**
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
erin.winn@AGG.com

*Attorneys for Plaintiff Metacel Pharmaceuticals, LLC*

R. Touhey Myer
**KRATZ & BARRY, LLP**
800 N. West Street
Wilmington, DE 19801
Tel: (302) 527-9378
tmyer@kratzandbarry.com

Timothy H. Kratz, Esquire
George J. Barry III, Esquire
**KRATZ & BARRY, LLP**
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com

*Attorneys for Defendant Rubicon Research
Private Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **METACEL PHARMACEUTICALS, LLC**,<br><br>*Plaintiff*,<br><br>v.<br><br>**RUBICON RESEARCH PRIVATE LIMITED**,<br><br>*Defendant*. | Civil Action No. 2:21–CV-19463-SDW-JRA<br><br>**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**<br><br>*Document Filed Electronically* |

1

Plaintiff Metacel Pharmaceuticals LLC ("Plaintiff") and Defendant Rubicon Research Private Limited ("Defendant") (together, the "Parties") assert that they possess confidential information in the form of trade secrets or other confidential business, commercial, personal, proprietary, and/or technical information related to the subject matter of Civil Action No. 2:21-CV-19463 ("Action"). The above-captioned Action concerns a patent dispute related to U.S. Patent No. 10,610,502 ("the '502 Patent"). The Parties recognize that it may be necessary to disclose certain confidential information during the course of this Action and contemplate that non-parties may produce confidential information. Pursuant to Federal Rule of Civil Procedure 26(c), Local Patent Rule for the United States District Court of New Jersey 2.2, and for good cause shown, the Parties, by and through their respective undersigned counsel, hereby stipulate and consent to the entry of this Discovery Confidentiality Order ("Confidentiality Order").

## I.    Definitions and Scope

(a)    "Discovery Material" means any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, but not limited to, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(b)    Discovery Material designated as "CONFIDENTIAL" by a Producing Party means that such Discovery Material comprises or contains highly sensitive and/or proprietary technical, commercial, financial, or business information. CONFIDENTIAL Discovery Material may be disclosed only to the individuals identified in Paragraph V below. CONFIDENTIAL Discovery Material includes without limitation:

(i)  Trade secrets, ownership, management, corporate structure or organization, business and/or strategic plans, financial planning or performance, budgeting, advertising expenditures, accounting, decisions and/or processes, license agreements, negotiations, sales projections, profit projections, market share projections, pricing plans and pricing analysis, non-public sales data and analysis, non-public market share data, and non-public documents, materials, or information relating to present or prospective customers, dealers, and distributors (such as proposals, bids or contracts), current or future, the disclosure of which could result in severe competitive or commercial disadvantage to the Producing Party;

(ii)  As purporting to cover baclofen oral solutions: non-public patent applications and files; non-public research, development, formulation, manufacture, testing or evaluation of pharmaceuticals; approved or unapproved (whether investigational, preliminary, pending, unfiled, amended (including the amendment) or supplemented (including the supplement)) New Drug Applications ("NDA") or Abbreviated New Drug Applications ("ANDA") and related documents; non-public communications with the United States Food and Drug Administration ("FDA");

(iii)  Information received under confidentiality restrictions or an agreement from vendors, suppliers, and/or third parties, including information from parties in prior patent actions subject to separate protective orders;

3

(iv)   Private or confidential personal information, patent information, or personal health information including information protected under the Health Insurance Portability and Accountability Act of 1996, along with the Omnibus Final Rule of 2013;

(v)   Drafts, attachments, or internal communications related to the foregoing.

(c)   "Designated Material" means any Discovery Material designated by a Producing Party as CONFIDENTIAL. Each Party shall act reasonably and in good faith in designating Discovery Material as CONFIDENTIAL.

(d)   "Producing Party" means any Party to the Action or any non-party, including its counsel, retained experts and consultants, third party testing laboratories, directors, officers, employees, or agents, who produces any Discovery Material in the Action.

(e)   "Receiving Party" means any Party to the Action, including its counsel, retained experts and consultants, third party testing laboratories, directors, officers, employees, or agents who receives any Discovery Material in the Action.

(f)   This Confidentiality Order encompasses not only Discovery Material that is expressly designated CONFIDENTIAL, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations that reveal all or part of such information, and any other discovery taken or disclosures provided pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court of New Jersey, and/or the Local Patent Rules of the United States District Court of New Jersey.

## II.   Procedure for Marking and Designating Discovery Material

Marking Discovery Material as CONFIDENTIAL shall be made by the Producing Party in the following manner:

(a)     In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" on each page of the document, or on the cover, or in a prominent place on any other tangible thing prior to production of the document or tangible thing.

(b)     In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced for inspection shall initially be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark such Designated Material as "CONFIDENTIAL."

(c)     In the case of deposition testimony, transcripts, or portions thereof, designation shall be made by the Producing Party as follows:

(i)   On the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter;

(ii)  By written notice to the reporter and all counsel of record, given within thirty (30) calendar days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving the notice shall be responsible for marking the copies of the designated transcript or portion(s) thereof in their possession or control as directed by the Producing Party or deponent; or

(iii)   By written notice to the reporter and all counsel of record, given within thirty (30) calendar days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, that certain portions can be re-designated as not confidential. Pending expiration of the thirty (30) calendar days, all Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "CONFIDENTIAL."

No person shall attend the portions of depositions designated CONFIDENTIAL unless that person is an authorized recipient of material designated CONFIDENTIAL pursuant to the terms of this Confidentiality Order or the Parties agree to that person's attendance.

**III.    Challenging Designations**

(a)    No Party to this action shall be obligated to challenge the propriety of any designation by the Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a later challenge to the propriety of the designation in this Action.

(b)    Any Party may contest a claim of confidentiality. Any Party objecting to the designation of any Discovery Material as CONFIDENTIAL must serve outside counsel of record for the Producing Party written notice of its reasons, described with particularity, for the objection, and identify the information, preferably by bates number. Counsel for the Producing Party shall respond in writing to such objection within five business days and shall state with particularity the grounds for asserting that the Discovery Material is designated as CONFIDENTIAL.

(c)    Failing resolution after ten business days from service of the objecting Party's written notice of reasons for objection, the objecting Party may seek an order changing or removing the designation. In resolving the matter, the burden of establishing confidentiality shall be on the

Party who made the claim of confidentiality, *i.e.* the Producing Party, but information designated as CONFIDENTIAL shall be deemed so designated until the dispute is resolved.

**IV.      Restrictions on Disclosure and Use**

(a)      CONFIDENTIALITY

Designated Material and the information derived from the Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated in any manner, to any person not authorized to receive the information pursuant to the terms of this Confidentiality Order, unless and only to the extent that this Confidentiality Order is otherwise modified by court order. Any summary, compilation, notes, memoranda, analysis, electronic image, or database containing Designated Material shall be subject to the terms of this Confidentiality Order to the same extent as the material or information from which the summary, compilation, notes, memoranda, analysis, electronic image or database is derived.

(b)      RESTRICTIONS ON USE

Absent an agreement of the Producing Party or an order to the contrary by this Court, each Party and all other persons bound by the terms of this Confidentiality Order shall use any Designated Material solely for purposes of this Action and any appeal therefrom. Such Designated Material shall not be used for any other purpose, including, without limitation, any business, commercial, competitive, regulatory, personal, or other purpose.

Counsel of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Confidentiality Order are (i) used only for the purpose specified herein, and (ii) disclosed only to authorized persons.

Absent consent of the Producing Party or further order of this Court, all outside counsel of record and designated in-house representatives who are substantively involved in the drafting or prosecution of claims in patents and/or patent applications relating to the Patents-in-Suit (including any continuations, continuations-in-part, or divisionals thereof claiming baclofen oral solutions, liquids, or methods of treatment involving baclofen oral solutions) are excluded from access to information designated as CONFIDENTIAL.

For the avoidance of doubt, being "substantively involved in the drafting or prosecution of claims in patents and/or patent applications" in the previous sentence shall mean the drafting or amending of claims, or providing direction or input on the drafting or amending of claims. Outside counsel of record who do have access to information designated CONFIDENTIAL cannot participate in such aforementioned activities during the pendency of these Actions.

(c)     MAINTENANCE OF DESIGNATED MATERIAL

Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to only those persons entitled to have access pursuant to this Confidentiality Order. A Producing Party is free to do whatever it desires with its own Designated Material.

## V.     Access to CONFIDENTIAL Discovery Material

CONFIDENTIAL Discovery Material shall be available only to the following persons subject to the terms of Paragraph VI:

(a)     Outside counsel of record to any Party in connection with this Action, and, subject to the restrictions set forth in Paragraph IV(b), the outside counsel's partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and

paralegal employees or agents whose duties and responsibilities require and who actually have access to materials designated "CONFIDENTIAL;"

(b)      The Court, including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Action is pending, and qualified court reporters;

(c)      Approved consultants or experts and their staff, but excluding employees, officers, or directors of a named Party, retained by any of the Parties or their counsel to consult or to testify in this Action subject to the terms of Paragraph VI;

(d)      Authors or drafters; addressees; anyone else who received the documents or information prior to the commencement of this Action, or during this Action, but only if they obtained the document or information outside of this Action and not in violation of this Confidentiality Order; provided that, in the case of former employees/consultants of the Producing Party permitted access pursuant to this provision, (i) the former employee/consultant reviews this Confidentiality Order and executes the Agreement to be Bound by Confidentiality Order, in the form shown in Exhibit A, which is attached hereto, prior to receiving Designated Material, (ii) the former employee/consultant of the Producing Party is not employed or retained by the Receiving Party, and (iii) Designated Material is shared with the former employee/consultant of the Producing Party only during a deposition taken in this Action;

(e)      Third party contractors and their employees involved in document management or copying services for this Action;

(f)      Graphics or design services retained by counsel for a Party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this Action;

(g)      Trial consulting services retained by a Party in this Action;

(h)      Persons who have been retained by a Party to provide translation or interpretation from one language to another;

(i)       Third party testing laboratories and their staffs retained by any of the parties or their counsel for purposes of this Action subject to the terms of Paragraph VI;

(j)       Any other person authorized to receive CONFIDENTIAL Designated Material by order of the Court or by written agreement of the parties.

**VI.      Conditions on Access to Designated Material**

Persons retained by Plaintiff or Defendant to whom Designated Material is to be given, shown, disclosed, made available, or communicated in any way in accordance with this Confidentiality Order (excluding the Court, e.g., Judges, Magistrate Judges, law clerks, qualified court reporters, and clerical personnel of the Court before which this Action is pending; and outside counsel of record to any Party in connection with this Action and the outside counsel's partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to materials designated CONFIDENTIAL), shall first execute an Agreement to be Bound by Confidentiality Order (Exhibit A). Counsel for the Receiving Party shall keep in his or her files an original of each executed Acknowledgment of Confidentiality Order until sixty (60) calendar days after the final termination of this Action.

**VII.     Procedures for Filing Papers with Designated Material**

Designated Material may be included with, or referred to in, papers filed with the Court where this Action is now pending or in any other court only in accordance with the following procedures:

(a)     The Designated Material must be filed under seal in accordance with the applicable procedures set forth in the Local Civil Rules of the United States District Court for the District of New Jersey and any Orders of the Court.

(b)     All papers filed with the Court, including, but not limited to, pleadings and memoranda of law, which include all or any portion of information which is set forth in any Designated Materials must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in Paragraphs VII(a). Counsel for the Party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as CONFIDENTIAL depending on the contents of the papers being filed. The papers shall be subject to the terms of this Order.

**VIII.     Unintentional Failure to Designate and Inadvertent Production**

If, through inadvertence, regardless of reason or circumstance, a Producing Party provides any Designated Material in this Action without designating and marking the Designated Material as CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material. The Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material to persons not authorized to receive that material under Paragraph V.

Disclosure of Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Confidentiality Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party promptly will take the steps reasonably necessary to

(i) conform distribution to the categorical designation, i.e., by retrieval and destruction of all copies of the Designated Material, or notes or extracts thereof, in the possession of the person(s) not authorized under this Confidentiality Order to possess the Designated Material; (ii) advise the person(s) to whom disclosure was made that the material is confidential and should be treated as provided in the Confidentiality Order, and (iii) confirm to the Producing Party in writing the retrieval or destruction. In the event the Receiving Party believes it has been prejudiced by any inadvertent failure to designate, the Receiving Party may contest the designation as set forth in Paragraph III.

**IX.     No Waiver of Privileges**

The Parties agree that, as to objections based on attorney-client privilege, work product, or other immunity from discovery pursuant to Fed. R. Civ. P. 26 and Federal Rule of Evidence ("F.R.E.") 502, in response to requests for production pursuant to Fed. R. Civ. P. 34 and L. Civ. R. 34.1, and interrogatories pursuant to Fed. R. Civ. P. 33 and L. Civ. R. 33.1, to the extent that a Party is required at the time of making such objection to provide information identifying documents or information withheld from production because of objections based on privilege or immunity, the information shall be provided in the form of a privilege log at a mutually agreed upon time. The Parties agree that production of a privilege log at the mutually agreed upon time shall not constitute waiver of the asserted privilege or immunity as to any document or information.

Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other privilege or immunity prior to the disclosure of any documents or material. If, however, a Party unintentionally, regardless of reason or circumstances, discloses documents or material that is privileged or otherwise immune from discovery, the Party shall, promptly upon discovery of the

disclosure, so advise the Receiving Party in writing, request the documents or material be returned or destroyed, and attach a privilege log entry within twenty (20) calendar days pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no Party to the Action shall thereafter assert that the disclosure waived any privilege or immunity. For purposes of this section, it shall be irrelevant which party initially discovers the inadvertently or mistakenly produced information, documents, or tangible items that are otherwise properly subject to a claim of attorney-client privilege, work product immunity, or any other protection from discovery.

It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations (including any notes or work product made therefrom), within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material. The Receiving Party, having returned or destroyed the inadvertently produced documents or material, may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure but cannot assert that the privilege has been waived due to the unintentional disclosure. These procedures are not intended to in any way limit the right of a Party to argue pursuant to F.R.E. 502 or any other law that any inadvertent production did not constitute a waiver, except that the Receiving Party shall not sequester or retain the inadvertently produced documents in any manner or for any purpose, including for purposes of challenging the privilege claim.

In the event that a Receiving Party, in good faith, believes that the document(s) or tangible item(s) that were withdrawn by the Party claiming privilege are not properly subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the Receiving Party may only use the privilege log as the basis for any motion to compel, and not the

13

contested document. For the avoidance of doubt, the Court (including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Action is pending) is permitted to review the contested document in-camera in conjunction with a motion to compel.

## X.      Responsibility of Attorneys

Outside counsel of record shall be responsible for providing a copy of this Confidentiality Order to all persons entitled access to Designated Material under Paragraph V and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. All copies, extracts, and translations must be appropriately marked and are subject to Paragraph XI of this Confidentiality Order.

## XI.     Final Disposition

Upon termination, settlement, or final judgment of this Action, including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, outside counsel may retain court filings and other pleadings and discovery served; trial, deposition, and hearing transcripts; correspondence; expert reports; attorney and consultant work product; and deposition and trial exhibits for archival purposes. If Designated Material is destroyed pursuant to this Paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification that the destruction was performed. The provisions of this Confidentiality Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this Action.

## XII.    No Limitation on Other Rights

This Confidentiality Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

**XIII.     Release from or Modification of Confidentiality Order**

This Confidentiality Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection; or to release, rescind, or modify the restrictions of this Confidentiality Order; to determine whether a particular person shall be entitled to receive any particular information; or to seek relief from inadvertent disclosure of privileged or work-product information. This Confidentiality Order does not preclude the Parties to this Confidentiality Order from entering into any stipulation (in writing or on the record) constituting a modification of this Confidentiality Order.

**XIV.     Other Proceedings**

By entering this Confidentiality Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Confidentiality Order who becomes subject to a motion to disclose another Party's information designated CONFIDENTIAL pursuant to this Confidentiality Order in another case shall promptly notify that other Party of the motion so that the other Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**XV.     Discovery From Third Parties**

If discovery is sought of a person not a Party to this Action (i.e., a third party) requiring disclosure of said third party's Designated Material, the Designated Material disclosed by the third party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant

to this Confidentiality Order. Should a Party to this Action have a good faith basis that the third

party production may contain a Party's confidential information, that Party shall be allowed to

designate that information according to this Confidentiality Order within twenty-one (21) calendar

days of receipt of that production.

**XVI.**     **Admissibility**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any

document, testimony, or other matter at any court proceeding related to the Action. The marking

of Designated Material as CONFIDENTIAL pursuant to this Confidentiality Order shall not, for

that reason alone, bar its introduction or use at any court proceeding related to this Action pursuant

to the terms and conditions as the Court may deem appropriate, consistent with the need for a

complete and accurate record of the proceedings, provided, however, that every effort shall be

made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the

confidentiality of Designated Material.

**XVII.**     **Non-Party Request and/or Subpoena of Designated Material**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to

this Order seeking production or other disclosure of a Producing Party's Designated Material, that

Receiving Party shall give written notice to outside counsel of record for the Producing Party

within five (5) business days after receipt of the subpoena or other compulsory process identifying

the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory

process. If the Producing Party timely seeks a confidentiality order, the Receiving Party to whom

the subpoena or other compulsory process was issued or served shall not produce the Designated

Material requested prior to receiving a court order or consent of the Producing Party. In the event

that Designated Material is produced to the non-party, the material shall be treated as CONFIDENTIAL pursuant to this Confidentiality Order.

**XVIII.    Unintentional Disclosure of Designated Material**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Confidentiality Order, then the Receiving Party shall use its best efforts to immediately retrieve all copies of the Designated Material, and to bind the person to the terms of this Confidentiality Order. In that event, the Receiving Party shall also (i) promptly inform that person of all the provisions of this Confidentiality Order; (ii) identify that person immediately to the Producing Party; and (iii) request that person to execute the Agreement to be Bound by Confidentiality Order (Exhibit A) and confirm destruction or return of the material and all copies and derivations (including any notes or work product made therefrom).

**XIX.    Counsel's Right to Provide Advice**

Nothing in this Confidentiality Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this Action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material to anyone not authorized to receive Designated Material pursuant to the terms of this Confidentiality Order and shall not violate the restrictions set forth in Paragraph IV(b) above.

**XX.    No Contract**

To the extent that the Parties have agreed on the terms of this Confidentiality Order, this stipulated Confidentiality Order is for the Court's consideration and approval as an order. The

Parties' stipulation shall not be construed to create a contract between the Parties, or between the Parties and their respective counsel.

**XXI.    Effective Date**

This Confidentiality Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed CONFIDENTIAL unless and until they are re-designated by the Producing Party or by further order of the Court.

**XXII.    Termination**

The termination of this Action shall not automatically terminate the effectiveness of this Confidentiality Order. Persons subject to this Order shall be bound by the confidentiality obligations of this Confidentiality Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

Dated:  May 2, 2022

Respectfully submitted,

s/ Arnold B. Calmann
Arnold B. Calmann
Katherine A. Escanlar
**Saiber LLC**
One Gateway Center, 9th Floor
Newark, NJ 07102-5308
T: (973) 622-3333
abc@saiber.com
kescanlar@saiber.com

Kevin M. Bell
Scott A.M. Chambers, Ph.D.
Matthew D. Zapadka
Richard J. Oparil
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave NW, Suite 1000
Washington, D.C. 20006
(202) 677-4930
kevin.bell@AGG.com
scott.chambers@AGG.com
matthew.zapadka@AGG.com
richard.oparil@AGG.com

Erin N. Winn
**ARNALL GOLDEN GREGORY LLP**
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
erin.winn@AGG.com

*Attorneys for Plaintiff Metacel
Pharmaceuticals, LLC*

s/ R. Touhey Myer
R. Touhey Myer
**KRATZ & BARRY, LLP**
800 N. West Street
Wilmington, DE 19801
Tel: (302) 527-9378
tmyer@kratzandbarry.com

Timothy H. Kratz, Esquire
George J. Barry III, Esquire
**KRATZ & BARRY, LLP**
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com

*Attorneys for Defendant Rubicon Research
Private Limited*

**SO ORDERED** this 9th day of May 2022

_____
**HONORABLE JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

**METACEL PHARMACEUTICALS, LLC**,

*Plaintiff*,

v.

**RUBICON RESEARCH PRIVATE LIMITED**,

*Defendant*.

Civil Action No. 2:21–CV-19463-SDW-JRA

---

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____, state that:

1.  My present employer is _____ and my work address is

    _____.

2.  My present occupation or job description is

    _____.

3.  My relationship to a Party in the Action is

    _____.

4.  I have carefully read and understood the provisions of the Confidentiality Order in

    this Action signed by the Court, and I will comply with and agree to be bound by

    all provisions of the Confidentiality Order.

5.  I will hold in confidence and not disclose to anyone not qualified under the

    Confidentiality Order any Discovery Material designated CONFIDENTIAL (*i.e.*,

Designated Material) or any words, summaries, abstracts, or indices of such information disclosed to me.

6.     I will use Designated Material disclosed to me solely for the purposes of this Action.

7.     No later than the final conclusion of this Action, I will return, or certify complete destruction of, all Designated Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to outside counsel for the Party for whom I am/was employed or have been retained.

8.     I agree to submit myself to the jurisdiction of the United States District Court for the District of New Jersey, or other jurisdiction where this Action may be pending, for the purpose of enforcing the terms of this undertaking.

9.     I understand that if I violate the provisions of the Confidentiality Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date: _____

Signature: _____

Printed Name: _____