

**Arnold B. Calmann**
(973) 645-4828
abc@saiber.com

February 14, 2023

**BY CM/ECF**
The Honorable José R. Almonte, U.S.M.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg P.O. Building and U.S. Courthouse
One Federal Square
Newark, NJ 07102

> **Re:**   ***Metacel Pharmaceuticals, LLC v. Rubicon Research Private Limited***
> **Civil Action No. 21-19463-EP-JRA**

Dear Judge Almonte:

We, along with our co-counsel, Arnall Golden Gregory LLP, represent Plaintiff Metacel Pharmaceuticals LLC ("Metacel") in the above matter.

We write on behalf of Metacel to respectfully seek Your Honor's direction regarding Defendant Rubicon Research Private Limited's ("Rubicon") second improper and premature filing of a motion for summary judgment (ECF No. 88). Rubicon's motion for summary judgment was filed in direct violation of this Court's Pretrial Scheduling Order (ECF No. 25). As we explain herein, the timing of Your Honor's resolution of this issue is critical because of the upcoming filing date for a response to Rubicon's premature filing.

On April 1, 2022, the Honorable Michael A. Hammer entered the Pretrial Scheduling Order in this matter. (ECF No. 25). Paragraph 34 of the Pretrial Scheduling Order states:

> **No motions are to be filed without prior written permission from this Court.**
> **All dispositive motions must first be subject to a dispositive motion pre-**
> **hearing. Discovery must be completed prior to the filing of a dispositive**
> **motion. These prerequisites must be met before any motions are filed and the**
> **motions will be returned if not met.** All calendar or dispositive motions, if
> permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

(*Id.* at 5) (Emphasis in text and emphasis added). Thus, as that Order made clear, two events needed to occur before a party is authorized to file a summary judgment motion: (1) "Discovery must be completed" prior thereto, and (2) a written application seeking a "dispositive motion prehearing" must be held before any motion could be filed.

Here, Rubicon has failed to meet the initial critical factor that discovery be completed *prior* to the filing of its motion. The parties are still actively engaged in discovery. As Your Honor will recall, Rubicon previously attempted to file a premature motion for summary judgment that resulted

Honorable José R. Almonte, U.S.M.J.
February 14, 2023
Page 2

in the entry of Your Honor's September 20, 2022 Order (ECF No. 53), that rejected Rubicon's motion as prematurely filed while the parties are still actively engaged in fact discovery. Your Honor specifically found that Rubicon's motion was "premature because the parties are still actively engaged in document discovery . . . ." (ECF No. 53 at 2). Nothing has changed from the date of that Order. The parties remain in fact discovery.

Rubicon is now in violation of both Judge Hammer's Pretrial Scheduling Order and Your Honor's September 20, 2022 Order. Standing alone, that is sufficient for the Court to preclude Rubicon's filing until it complies with its obligations under the Court's orders. Considering that fact discovery does not end until March 3, 2023 and fact discovery is ongoing, Rubicon's motion is improper and premature on its face.

Rubicon has also violated the Court's requirement that any summary judgment motion be precleared and approved by the Court. By way of background, on July 27, 2022, Rubicon filed a "Motion for Leave to File Motion for Summary Judgment," which—like the filing of the motion *sub judice*—contradicted the rules for seeking leave to file a motion for summary judgment and Judge Hammer's Pretrial Scheduling Order. Your Honor denied that motion for leave on September 20, 2022 as premature (ECF No. 53). Notwithstanding the clarity of Judge Hammer's Order and the findings of Your Honor's September 20, 2022 Order (and notwithstanding that discovery is ongoing), on February 10, 2023, Rubicon filed a Motion for Summary Judgment without first seeking leave to do so. (ECF No. 88).

Rubicon filed its present motion without written permission from the Court as required by Paragraph 34 of the Court's Pretrial Scheduling Order. Your Honor's September 22, 2022 Order did not abrogate that obligation.[1]

In light of Rubicon's continued failure to comply with the Pretrial Scheduling Order, we are compelled to seek Your Honor's direction as to whether Rubicon's Motion for Summary Judgment is ripe for consideration. Absent clarity on this issue, Metacel would be compelled to file its opposition to Rubicon's motion by Tuesday, February 21, 2023, or otherwise invoke an automatic extension, prior to the completion of fact discovery. Metacel, however, respectfully submits that Rubicon's motion is not ripe under the terms of Judge Hammer's Pretrial Scheduling Order or under Your Honor's September 20, 2022 Order.

We respectfully request that the Court deny or strike Rubicon's pending Motion until full compliance with the terms of the applicable Orders and specific authorization from the Court for the filing of such Motion. We thank the Court for its consideration and continued assistance in this matter and look forward to hearing from the Court at its earliest convenience.

---

[1] Although Your Honor's Order denying Rubicon's motion for leave (ECF No. 53) stated that the parties may file motions for summary judgment after the entry of a claim construction order, we submit that finding related to the timing of a motion and did not relieve any party of its obligations under the extant Pretrial Scheduling Order that remains in effect, or otherwise Your Honor would have set forth the vacation of such obligations specifically in its Order, which is not the case here. Your Honor's Order did not eliminate the need for preclearance to file any motion as required by the Pretrial Scheduling Order.

Honorable José R. Almonte, U.S.M.J.
February 14, 2023
Page 3

Respectfully submitted,

Arnold B. Calmann

cc:      Counsel of record (by CM/ECF)