

**Arnold B. Calmann**
**(973) 645-4828**
**abc@saiber.com**

March 16, 2023

**BY CM/ECF**
The Honorable Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg P.O. Building and U.S. Courthouse
One Federal Square
Newark, NJ 07102

      Re:   *Metacel Pharmaceuticals, LLC v. Rubicon Research Private Limited*
              Civil Action No. 21-19463-EP-JRA

Dear Judge Padin:

      We, along with our co-counsel, Arnall Golden Gregory LLP, represent Plaintiff Metacel Pharmaceuticals LLC ("Metacel") in the above matter.

      We write regarding an indisputable violation of Local Civil Rule 56.1 in connection with the motion for summary judgment of non-infringement filed by Defendant Rubicon Research Private Limited ("Rubicon"). Rubicon not only failed to file with its motion the Statement of Undisputed Material Facts required by Rule 56.1 ("Statement") but violated and failed to comply with this Court's Scheduling Order requiring compliance with Rule 56.1. Accordingly, as we explain further, we respectfully request that Rubicon's motion be denied and dismissed at this time without further proceedings.

      By way of background, on February 10, 2023, Rubicon filed a motion for summary judgment of non-infringement, together with a brief, declaration, and exhibits in support. (ECF Nos. 88-90). Ordinarily, and absent Rubicon's Rule and Scheduling Order violations here, Metacel's opposition to the motion would be due on March 20 and a reply would be due on March 27. (ECF No. 93).

      However, Local Rule 56.1(a) sets forth mandatory requirements regarding the filings to support or oppose a motion for summary judgment. That Rule specifically states:

> ***A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.*** The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the

Honorable Evelyn Padin, U.S.D.J.
March 16, 2023
Page 2

> opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition.

(Emphasis added). The Pretrial Scheduling Order entered in this case also states that "[a]ll calendar or dispositive motions, if permitted, **shall comply with Local Civil Rules 7.1(b) and 56.1."** (ECF No. 25 ¶ 34). (Emphasis added).

Thus, a summary judgment movant "shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. *See* L. Civ. R. 56.1. Rule 56.1 is **mandatory** that absent submission of a statement of material facts not in dispute the motion "shall be dismissed." *Morris v. United States*, No. 12-CV-2926-NLH-JS, 2014 WL 7368899, at *8 (D.N.J. Dec. 29, 2014).

Absent movant's submission of a proper Rule 56.1 Statement, it would be impossible for a responding party—plaintiff Metacel—to comply with its corresponding obligation to submit a responsive statement of material facts, addressing each paragraph of the movant's statement, stating each material fact in dispute with record citations. "A movant's statement of facts and a nonmovant's related response serve a vital purpose, in that they assist the Court in identifying whether material facts are truly in dispute." *Collick v. Weeks Marine, Inc.*, No. 08-CV-5120-MLC, 2013 WL 6070035, at *2 (D.N.J. Nov. 18, 2013). Here, there is no movant Rule 56.1 Statement so it is impossible for Metacel to meet its obligations under the Rules.

Courts have not hesitated to enforce Rule 56.1(a) by denying non-compliant motions for summary judgment. *See, e.g.*, *Sams v. Pinnacle Treatment Centers, Inc.*, No. 18-CV-09610-JHR-AMD, 2021 WL 2010570, at *2 (D.N.J. May 20, 2021) ("the Court denied Defendant's motion without prejudice because Defendant failed to attach a statement of material undisputed facts to its motion as Local Rule 56.1 requires, but permitted Defendant to refile its motion in compliance with Local Rule 56.1." (footnote omitted)); *Clark v. State of New Jersey Dep't of Health*, No. 12-CV-7763-FLW-TJB, 2016 WL 4265724, at *8 (D.N.J. Aug. 12, 2016) ("Here, Defendants have failed to submit a Rule 56.1 Statement with their motion. Accordingly, insofar as Defendants' motion can be construed as a motion for summary judgment, the Court denies the motion without prejudice for failure to adhere to Local Rule 56.1(a).").

We seek Your Honor's directive in advance of the March 20 date on which Metacel's opposition is due. Metacel respectfully requests that the Court deny and dismiss the motion at this time.[1] It would be inherently unfair and prejudicial to Metacel to impose a burden of trying to

---

[1] To the extent that Rubicon may attempt to justify its Rule and Order violations by suggesting that Metacel should hunt through Rubicon's 37-page brief and voluminous exhibits to try to identify statements of material facts that Rubicon contends are undisputed, such argument would be unavailing and contrary to the letter and spirit of Rule 56.1. It is not Metacel's burden to relieve Rubicon of its mandatory obligations under the Rule and grant relief from this Court's Order. Rubicon has failed to comply with or properly seek relief from that Order.

Honorable Evelyn Padin, U.S.D.J.
March 16, 2023
Page 3

prognosticate what Rubicon's Statement would assert or include. It is respectfully submitted that Metacel should not have to expend any more time and effort to attempt to develop its opposition papers when it is impossible to do so absent Rubicon's proper compliance with the Rules and this Court's Order.

We respectfully request that Your Honor deny and dismiss Rubicon's motion at this time in light of its multiple violations of the Court Rules and Order. We thank the Court for its consideration and assistance in this matter and look forward to hearing from the Court at its earliest convenience.

Respectfully submitted,

Arnold B. Calmann

cc: Counsel of record (by CM/ECF)