R Touhey Myer
(NJ Bar ID 028912009)
**KRATZ & BARRY LLP**
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

Timothy H. Kratz *(Pro Hac Vice)*
George J. Barry III *(Pro Hac Vice Anticipated)*
**KRATZ & BARRY, LLP**
1050 Crown Pointe Parkway, Ste. 500
Atlanta, GA 30338
(404) 431-6600
tkratz@kratzandbarry.com
gbarry@kratzandbarry.com

Michael P. Hogan *(Pro Hac Vice)*
**KRATZ & BARRY LLP**
325 Chestnut Street, Ste. 883, #259
Philadelphia, PA 19106
(917) 216-8585
mhogan@kratzandbarry.com

*Attorneys for Defendant, Rubicon Research Private Limited*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| METACEL PHARMACEUTICALS LLC,<br><br>      *Plaintiff,*<br><br>v.<br><br>RUBICON RESEARCH PRIVATE LIMITED,<br><br>      *Defendant*. | C.A. No. 2:21-cv-19463-EP-JRA<br><br>**DEFENDANT, RUBICON RESEARCH PRIVATE LIMITED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR <u>SUMMARY JUDGMENT</u>**<br><br>**Return Date: August 21, 2023** |

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................1

II.  ARGUMENT..........................................................................................................1

III. CONCLUSION......................................................................................................6

*i*

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Church v. Midland Funding, LLC*,
    2023 U.S. Dist. LEXIS 95054 (D. N.J. 2023)..................................................2

*White v. City of Trenton*,
    848 F.Supp.2d 497 (D. N.J. 2012)..................................................................1

## I. INTRODUCTION

Rubicon Research Private Limited ("Rubicon") respectfully submits that its Motion for Summary Judgment was properly granted and that this present motion by Metacel Pharmaceuticals LLC ("Metacel") should be DENIED.

## II. ARGUMENT

Metacel's Motion for Reconsideration is yet another example of Metacel squeezing every moment of delay in Rubicon's rightful market entry. Metacel should have dismissed this action shortly after review of Rubicon's ANDA which plainly instructs storage at room temperature, with optional storage at refrigerated temperatures. Based on this, as the Court rightly concluded, Rubicon could not have indirectly infringed the Fridge Limitation of the Patent-at-Issue ("the '502 patent") as a matter of law. Instead, Metacel wrongfully extended this litigation for anticompetitive purposes, resisting early resolution at every chance and even now has brought this motion to enjoy the extra days provided until Final Judgment is entered (having lost its attempt for an indefinite delay).

Rubicon notes in preface to the argument contained herein that Metacel does not facially attempt to meet the standards for a motion for reconsideration. In the District Court of New Jersey, "[r]elief by way of a motion for reconsideration is 'an extraordinary remedy' that is to be granted 'very sparingly.'" *White v. City of Trenton*, 848 F.Supp.2d 497, 500 (D. N.J. 2012). Rubicon notes the *White* case was

1

cited favorably by Your Honor recently in *Church v. Midland Funding, LLC*, 2023 U.S. Dist. LEXIS 95054 *8, fn. 4 (D. N.J. 2023) (Padin, J.).  In order to grant a motion for reconsideration, the court must find (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.  *White* at 500 (*citations omitted*.)  Rubicon respectfully submits that Metacel did not even try to fit its argument into any of these categories, nor could it since none of these elements are present here.

    Rubicon respectfully submits that the Court should enter Final Judgment without further delay, and Metacel can then decide whether to engage in a frivolous appeal while it is finally required to account for its anticompetitive conduct at the Trial Court.

    Ultimately, the notion that Metacel was surprised or somehow did not have a fair chance to present its flawed arguments regarding the Fridge Limitation, or that this Court did not give all of the arguments fair consideration is absurd.  Metacel has long known of the three bases for summary judgment and was provided extra time to come forward with evidence in opposition.  Rubicon properly narrowed its motion for the Court to focus on the Fridge Limitation in order to expedite the Court's resolution of Rubicon's urgent motion.

But no amount of time could change or counter the simple basis for Rubicon's argument on the refrigeration limitation, leaving undisputed:

1. All of the claims of the patent at issue *require* the refrigeration step referred to as the Fridge Limitation.

2. Rubicon's ANDA label does not require refrigeration, but instead instructs to store at room temperature, with *optional* storage at refrigerated temperatures.

3. The law looks to the label for indirect/inducement-based limitations, and the Federal Circuit has specifically and consistently held that optional instructions in the label do not meet indirect/inducement of claim limitations.

These components have never been disputed by Metacel, even with its improper new material submitted in this present motion. On these undisputed points alone, Rubicon's motion for summary judgment was properly granted.

Instead of raising any legitimate point on this motion for reconsideration, Metacel primarily complains about the procedural status, which is not even a proper basis for a motion for reconsideration. For example, Metacel for the very first time suggests that Rubicon's non-infringement contentions were deficient. Metacel, not shy at bringing motions designed to delay the proceedings, never raised this argument before, despite having the underlying bases for the motion for summary

3

judgment in its hands for almost one year and nearly as long as the contentions themselves. Of course, Metacel could have raised any alleged deficiency with the Magistrate Judge in the form of a discovery dispute, but it chose not to do so. And Metacel could have raised any alleged deficiency in responding to the Motion for Summary Judgment in the form of a Motion to Strike, or at least have raised it in some fashion during the briefing process. Metacel has simply waived arguing about such things now. Rubicon further submits that Metacel's complaint is incorrect anyway as Rubicon did in fact point specifically to the Fridge Limitation as not being met either directly or indirectly. Metacel has long known of the specifics of Rubicon's argument that Metacel has not met its burden of proving the Fridge Limitation.

Metacel further complains that Rubicon did not give as much attention to the Fridge Limitation in the initial summary judgment brief as Metacel arbitrarily believes to be required. Metacel presents an absurd, untruthful paragraph count in an effort to prove some (irrelevant) point. Actually, Rubicon fully laid out the Fridge Limitation contained in the Patent In Suit, the evidence that establishes that Rubicon's label does not meet the limitation and the law demonstrating that Metacel cannot prove its case as a matter of law. Under the structure of *Liberty Lobby*, Metacel who bears the burden of proving infringement must come forward in response to the Motion (not here in the Motion for Reconsideration) with evidence

sufficient to support its claim. It did not do so and summary judgment was properly granted.

Metacel complains of the sequence of procedural events giving rise to the ultimate decision on summary judgment, claiming this was somehow unfair to Metacel. Notably, Metacel did not move for reconsideration of the Magistrate Judge's granting of leave to file the motion for summary judgment, or appeal to the District Court from that decision. Notably, Metacel did not raise FRCP 56(f) in response to the motion for summary judgment. Without question, Metacel was given a full and fair opportunity to respond to the motion for summary judgment and has waived the right to complain about its inability to further delay judgment of non-infringement, a result Metacel had a duty to decide for itself was inevitable back when it received Rubicon's ANDA. Metacel's scheme to improperly keep Rubicon off the market is at an end.

Metacel further complains that the Court did not consider the expert reports, which is facially untrue and rather insulting. None of the evidence or argument submitted in support of its motion for reconsideration shakes the three points above which establish that Rubicon is entitled to judgment as a matter of law on the Fridge Limitation.

Instead of attempting to meet the standards for a motion for reconsideration, Metacel finally submits a further declaration of its expert, Dr. Savello. Rubicon

5

submits this is procedurally improper and the late filed declaration should receive no consideration. As if to highlight its own futility of effort to avoid summary judgment in this case, Metacel submits a truly bizarre theory from Dr. Savello, wherein he argues that the downstream user would be induced by Metacel's label (not Rubicon's) to the extent that user decided to refrigerate Rubicon's product despite Rubicon's label indicating it was optional. Rubicon doubts this is true but is certain that Metacel inducing infringement is not relevant to whether Rubicon induces.

### III. CONCLUSION

Rubicon's label does not and cannot support an inducement theory of indirect infringement because it states the product can be stored in room temperature and refrigeration is optional. Nothing Metacel has ever submitted in response changes the inescapable conclusion that summary judgment was thereby properly granted. Accordingly, Metacel's motion for reconsideration should be DENIED.

6

| | |
|---|---|
| Dated: July 24, 2023 | Respectfully submitted,<br><br>**KRATZ & BARRY LLP**<br><br>*/s/ R Touhey Myer*<br>R Touhey Myer<br>(NJ Bar ID 028912009)<br>800 N. West Street<br>Wilmington, DE 19801<br>(302) 527-9378<br>tmyer@kratzandbarry.com<br><br>*Of Counsel:*<br><br>Timothy H. Kratz *(Pro Hac Vice)*<br>George J. Barry III<br>*(Pro Hac Vice Anticipated)*<br>**KRATZ & BARRY LLP**<br>1050 Crown Pointe Parkway, Ste. 500<br>Atlanta, GA 30338<br>(404) 431-6600<br>tkratz@kratzandbarry.com<br>gbarry@kratzandbarry.com<br><br>Michael P. Hogan *(Pro Hac Vice)*<br>**KRATZ & BARRY LLP**<br>325 Chestnut Street, Ste. 883, #259<br>Philadelphia, PA 19106<br>(917) 216-8585<br>mhogan@kratzandbarry.com<br><br>*Attorneys for Defendant,*<br>*Rubicon Research Private Limited* |